UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PH HEALTH LIMITED,<br><br>Plaintiff,<br><br>-against-<br><br>RK PHARMA, INC.,<br><br>Defendant. | Case No. 1:25-cv-10767<br><br>**COMPLAINT** |

Plaintiff PH Health Limited ("PHL"), by its attorneys, ArentFox Schiff LLP, for its complaint against Defendant RK Pharma, Inc. ("RK Pharma"), alleges on knowledge as to its own actions, and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for breach of contract and related relief arising out of RK Pharma's failure to timely manufacture and deliver three conforming validation batches of pentosan polysulfate active pharmaceutical ingredient ("API") and to complete specified sameness/characterization testing, as required by the parties' Co-Development, License and Supply Agreement dated December 31, 2021, as amended October 5, 2023 (the "Agreement").

2. Pursuant to Section 13.2.7 of the Agreement, PHL's predecessor, Endo Operations Limited ("EOL") (as successor to Endo Ventures Limited), terminated the Agreement on June 19, 2025, and under Section 13.3.2, RK Pharma is obligated to refund $1,500,000 in milestone payments that EOL paid under Section 6.1.

3. Despite due demand, RK Pharma has not refunded the $1,500,000. PHL seeks damages, declaratory relief, prejudgment interest, costs, and such other relief as the Court deems just and proper.

## PARTIES

4. PH Health Limited is a company organized under the laws of Ireland with its registered office in Dublin, Ireland. PH Health Limited is the real party in interest as assignee and successor to the beneficial rights, claims, causes of action, and obligations under the Agreement, as alleged below.

5. RK Pharma, Inc. is a Delaware corporation with offices at Building 215/215A, 401 North Middletown Road, Pearl River, New York 10965.

## JURISDICTION

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs; PHL is a citizen or subject of a foreign state (Ireland); and RK Pharma is a citizen of Delaware and New York.

## VENUE

7. Personal jurisdiction and venue are proper in this District because the Agreement is governed by New York law and contains an exclusive New York forum selection clause designating state and federal courts located in the State, City, and County of New York for disputes arising out of or in connection with the Agreement, and because RK Pharma consented to jurisdiction and venue in New York.

8. Venue is also proper under 28 U.S.C. § 1391(b) because RK Pharma resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

# FACTS

## A. The Agreement

9. On December 31, 2021, Endo Ventures Limited ("EVL") entered into the Agreement with RK Pharma and Apicore Pharmaceuticals Pvt. Ltd. EVL was the original "Endo" party to the Agreement.

10. The original Agreement (attached hereto as **Exhibit A**) governs the co-development, licensing, and supply of pentosan polysulfate API for the U.S. market. The Agreement's assignment clause (Section 15.4) permits assignment to an Affiliate and in connection with a sale of all or substantially all assets, and binds successors and permitted assigns.

11. The parties executed Amendment No. 1 to the Agreement on October 5, 2023 (attached hereto as **Exhibit B)**, which, among other things, updated the development plan and specifications, and confirmed joint and several responsibility of the RK Parties for performance.

12. Under Section 6.1, EVL paid milestone consideration totaling $1,500,000, including a $1,500,000 upfront payment upon execution.

13. Section 6.2 provides that milestone payments are refundable if the Agreement is terminated pursuant to Section 13.2.7.

## B. Chain of Title and Assignment

14. Effective May 31, 2023, EVL transferred the Agreement within the Endo group, and the Agreement was subsequently held by Operand Pharmaceuticals III Limited, which later changed its name to Endo Operations Limited ("EOL") on January 25, 2024.

15. On July 1, 2025 (the "Completion" date), EOL transferred its generics/sterile injectables business to PHL pursuant to a Business Transfer Agreement, which expressly transferred and assigned the "Third-Party Contract Interests" in the Agreement (including all

rights, benefits, claims, and causes of action, accrued and after-accruing, and the burden of obligations and liabilities) to PHL.

16. From Completion, PHL has held the full beneficial interest in the Agreement and related claims.

17. PHL is the real party in interest because, as of July 1, 2025, it holds the full beneficial interest in the Agreement and all related rights, claims, and causes of action, including claims that accrued prior to Completion, by express assignment from EOL.

### C. RK Pharma's Breach of the Agreement

18. The Agreement required RK Pharma (together with its co-signatory Apicore) to, among other obligations, manufacture three validation batches of the API conforming to the required Specifications and meeting the sameness/characterization tests, and to deliver those validation batches by the delivery dates in the applicable purchase order confirmations, given the agreed minimum lead time.

19. The Agreement also expressly permits Endo-requested modifications to the Specifications and requires implementation of regulatory-required modifications, with the RK Parties bearing the costs of such modifications.

20. RK Pharma failed to timely manufacture and deliver three validation batches conforming to the required Specifications and meeting the agreed sameness/characterization criteria by the applicable delivery dates.

21. As a result, on June 19, 2025, EOL terminated the Agreement pursuant to Section 13.2.7.

22. In the termination letter (attached hereto as **Exhibit C**), EOL demanded that RK Pharma refund the $1,500,000 milestone under Section 13.3.2 within thirty days.

23. PHL reiterated the refund demand on October 1, 2025, after RK Pharma failed to pay. To date, RK Pharma has not refunded the $1,500,000 and has not identified any contractual basis excusing its nonperformance or its failure to refund.

24. RK Pharma's contention that Specifications or sameness criteria were "changed" or "tightened" does not excuse performance under the Agreement, which expressly contemplates such changes and allocates responsibilities and costs accordingly.

25. PHL has suffered damages as a result of RK Pharma's breaches, including at least $1,500,000, plus prejudgment interest and other consequential damages permitted by law.

## CLAIMS FOR RELIEF

### Count I
### (Breach of Contract)

26. PHL incorporates the foregoing paragraphs as if fully set forth herein.

27. The Agreement is a valid and enforceable contract. EOL and, following Completion, PHL fully performed or were excused from performing their obligations under the Agreement.

28. RK Pharma breached the Agreement by failing to timely manufacture and deliver three conforming validation batches of API meeting the required Specifications and sameness/characterization criteria by the applicable delivery dates, thereby triggering EOL's termination right under Section 13.2.7.

29. Following EOL's termination under Section 13.2.7, RK Pharma breached Section 13.3.2 by failing to refund the $1,500,000 milestone payment to PHL when due. That refund obligation and the associated claim were expressly assigned and now belong to PHL as part of the transferred Third-Party Contract Interests.

30. As a direct and proximate result of RK Pharma's breaches, PHL has suffered damages in an amount to be proven at trial, including at least $1,500,000, plus prejudgment interest under New York law and costs.

**Count II**
**(Declaratory Judgment)**

31. PHL incorporates the foregoing paragraphs as if fully set forth herein.

32. An actual, present controversy exists between the parties as to their rights and obligations under the Agreement, including the propriety of EOL's termination under Section 13.2.7 and RK Pharma's refund obligation under Section 13.3.2.

33. PHL seeks a judicial declaration that: (a) EOL properly terminated the Agreement pursuant to Section 13.2.7; (b) RK Pharma is obligated to refund the $1,500,000 milestone payment pursuant to Section 13.3.2; and (c) consistent with Section 13.3.3, PHL (as assignee of Endo's rights) retains the license rights specified therein on a perpetual, non exclusive basis following termination triggered by Section 13.2.7.

34. A declaratory judgment will clarify and settle the parties' legal relations and afford relief from the uncertainty and insecurity giving rise to this proceeding.

**Count III**
**(Unjust Enrichment)**

35. PHL incorporates the foregoing paragraphs as if fully set forth herein.

36. If, for any reason, the Agreement is deemed unenforceable in whole or in part or does not govern the refund obligation, then RK Pharma has been unjustly enriched at PHL's expense by retaining $1,500,000 that, in equity and good conscience, should be returned to PHL.

37. PHL is entitled to restitution of $1,500,000, plus prejudgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, PHL respectfully requests that the Court enter judgment in its favor and against RK Pharma as follows:

a. Awarding PHL damages on Count I in an amount to be proven at trial, including at least $1,500,000, plus prejudgment interest under New York law from the date the refund became due, and costs as permitted by law;

b. Declaring, on Count II, that (a) EOL properly terminated the Agreement pursuant to Section 13.2.7; (b) RK Pharma is obligated to refund the $1,500,000 milestone payment under Section 13.3.2; and (c) PHL (as assignee) retains the perpetual, non-exclusive license rights described in Section 13.3.3;

c. In the alternative to Count I, awarding PHL restitution of $1,500,000 for unjust enrichment on Count III, plus prejudgment interest;

d. Awarding PHL its costs and disbursements of this action, and such attorneys' fees as may be permitted by law; and

e. Granting such other and further relief as the Court deems just and proper.

Dated: December 30, 2025

Respectfully submitted,

ArentFox Schiff LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019-6040
Tel. 212.492.3283
Fax 212.484.3990
eric.roman@afslaw.com

By:________________________________

Eric Roman (ER-7928)
*Counsel for Plaintiff*
*PH Health Limited*