Sheppard

March 9, 2026

+1.212.634.3057
pgarrity@sheppard.com

**VIA E-MAIL**

Judge Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
E-Mail: ALCarterNYSDChambers@nysd.uscourts.gov

Re: PH Health Limited v. RK Pharma, Inc., Case No. 1:25-cv-10767 (S.D.N.Y.)

Dear Judge Carter:

We represent Defendant RK Pharma, Inc. ("RK Pharma") in the above-referenced matter. We write on behalf of RK Pharma pursuant to Your Honor's Individual Practices to seek a pre-motion conference in anticipation of filing a motion pursuant to Federal Rule of Civil Procedure 55(c) to vacate the Clerk's Certificate of Default entered on February 18, 2026. Upon the default being vacated, RK Pharma is seeking relief to answer, move or otherwise respond to the complaint within twenty (20) days. The basis for RK Pharma's anticipated motion is summarized below.

**Background**

Plaintiff PH Health Limited ("PHL") filed this action on December 30, 2025, asserting claims for breach of contract and unjust enrichment arising from a Co-Development, License and Supply Agreement dated December 31, 2021, and amended October 5, 2023 (the "Agreement"), under which RK Pharma and its affiliate Apicore LLC ("Apicore") were engaged to manufacture pentosan polysulfate (the "API") for PHL's predecessor-in-interest.

PHL effected service on RK Pharma on January 6, 2026 through the New York Secretary of State, a method that did not result in actual notice of the lawsuit to RK Pharma. RK Pharma accordingly did not respond by the January 27, 2026 answer deadline, and on February 18, 2026, the Clerk entered a Certificate of Default. RK Pharma first learned of this litigation in late February 2026, upon receiving notice of the default entry. RK Pharma promptly engaged our firm, and on March 3, 2026—within days of our engagement—we wrote to opposing counsel to advise of our enaggement and to explain the circumstances that led to RK Pharma's failure to respond.

On March 6, 2026, we wrote to opposing counsel regarding RK Pharma's intent to move for vacatur. PHL's counsel informed us that PHL will oppose our motion to vacate the entry of default. No default judgment has been entered.

**RK Pharma is Entitled to Vacatur of the Certificate of Default**

"After entry of default, the defaulting party may move to set the entry aside for 'good cause' shown pursuant to Fed. R. Civ. P. 55(c)." *Canfield v. VSH Rest. Corp.*, 162 F.R.D. 431, 433 (N.D.N.Y. 1995). Good cause is evaluated by three factors: (1) the willfulness of the default; (2) the existence of any meritorious defense; and (3) prejudice to the non-defaulting party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Courts may also consider "relevant equitable factors," including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* All three factors, and all relevant equitable considerations, weigh decisively in RK Pharma's favor.

**1. RK Pharma's Default Was Not Willful**

RK Pharma's default was not willful. "Willfulness" requires conduct that is "more than merely negligent or careless," but is instead "egregious and . . . not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). RK Pharma's failure to answer was neither. Service by Secretary of State on January 6, 2026 did not result in actual notice to RK Pharma at any point prior to late February 2026. RK Pharma had received no communications from PHL since pre-litigation settlement discussions in September 2025, and thus had no reason to anticipate that litigation had been commenced. Additionally, the moment RK Pharma learned of the suit, it acted with quickly: it retained counsel and, within days, we wrote to opposing counsel to advise of the forthcoming vacatur motion. Courts regularly vacate defaults in precisely these circumstances, recognizing that a defendant who "lacked notice, but acted diligently upon eventually learning of the default" is entitled to relief. *United States v. Kadoch*, 2011 U.S. Dist. LEXIS 73722, at *13 (E.D.N.Y. June 10, 2011). There is no willfulness here.

**2. RK Pharma Has Meritorious Defenses**

Where, as here, the basis for vacatur is lack of notice, the Supreme Court has held that the defendant need not even demonstrate a meritorious defense. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87 (1988); *see also Robinson v. Sanctuary Music*, 383 Fed. Appx. 54, 58 (2d Cir. 2010). But RK Pharma has meritorious defenses in any event, which independently warrant vacatur. First, PHL's termination of the Agreement was improper. The Agreement obligated RK Pharma and Apicore to manufacture three validation batches of API conforming to agreed Specifications[1] and sameness criteria and to deliver them by applicable delivery dates. During the performance period, however, PHL and its predecessors unilaterally modified the Specifications and sameness criteria without following the contractual procedures for amendment thereby rendering RK Pharma's performance impossible. A termination predicated on RK Pharma's failure to meet unilaterally altered requirements is improper, and the refund obligation purportedly triggered by that termination was never validly invoked. Second, PHL's standing is contestable. PHL is an Irish company that claims to be the successor-in-interest to the Agreement by way of a chain of transfers. RK Pharma intends to challenge whether the conditions for valid assignment under the Agreement were satisfied and whether PHL is the real party in interest entitled to assert the breach of contract claim.

**3. Vacating the Default Will Not Prejudice Plaintiff**

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Agreement.

Vacatur will not prejudice PHL. The Clerk's Certificate of Default was entered only on February 18, 2026—less than three weeks ago—and no default judgment has yet been entered. Such a short delay is immaterial, and, regardless, delay alone is insufficient to establish prejudice. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Prejudice requires a showing that the delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* None of those concerns is present here. This is a contract dispute centered on a written agreement with extensive documentation already in both parties' possession. The documentary record underlying those claims in the complaint is fixed, and Plaintiff will be able to fully litigate its claims on the merits without prejudice if the default is vacated.

**<u>Conclusion</u>**

For the foregoing reasons, RK Pharma respectfully requests that the Court schedule a pre-motion conference at its earliest convenience in advance of RK Pharma's motion pursuant to Rule 55(c) to vacate the Clerk's Certificate of Default. RK Pharma is prepared to brief and argue this motion promptly and, if the certificate is vacated, to file its responsive pleading on an expedited schedule, within 20 days of the Court's order. We are available at the Court's convenience and appreciate the Court's attention to this matter.

Respectfully submitted,



Paul W. Garrity
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP