ArentFox Schiff

**ArentFox Schiff LLP**
1301 Avenue of the Americas
42nd Floor
New York, NY 10019

212.484.3900 **MAIN**
212.484.3990 **FAX**

afslaw.com

**Eric Roman**
Partner
212.492.3283 **DIRECT**
eric.roman@afslaw.com

March 12, 2026

Submitted *via* ECF
Courtesy copy to:
ALCarterNYSDChambers@nysd.uscourts.gov

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *PH Health Limited v. RK Pharma, Inc.* (1:25-cv-10767-ALC)

Dear Judge Carter:

We represent Plaintiff, PH Health Limited, in the above-captioned action. We write in response to Defendant, RK Pharma Inc.'s March 9, 2026 letter seeking a pre-motion conference to move to vacate the Certificate of Default entered on February 18, 2026 (the "Letter"). For the reasons set forth below, Plaintiff opposes Defendant's proposed motion and respectfully requests permission to proceed with a motion for default judgment.

This action seeks compensatory damages of $1,500,000 for breach of contract or, alternatively, unjust enrichment, as well as declaratory relief, arising from Defendant's breach of the parties' Co-Development, License and Supply Agreement (the "Agreement"). *See* ECF No. 1, Exhibit A.

Before commencing this action, on December 11, 2025, the undersigned wrote to Defendant's counsel, Sheppard Mullin, Richter & Hampton LLP ("Sheppard Mullin"), notifying Defendant that if certain conditions were not met, Plaintiff would commence a lawsuit. Plaintiff explicitly said *inter alia* "If RK Pharma does not, by the stated deadline, confirm that it will remit the $1,500,000 in full and that it is complying with all post-termination obligations, PHL will initiate litigation without further notice in the United States District Court for the Southern District of New York." Shepphard Mullin was the firm to be noticed per Section 15.9 of the Agreement. ECF No. 1, Exhibit A, ¶ 15.9. The June 19, 2025 termination notice was also sent to Sheppard Mullin. *Id*., Exhibit C.

Having received no response to the December 11, 2025 communication, Plaintiff commenced this action on December 30, 2025. ECF Nos. 1-4. An electronic Summons was issued on January 2, 2026, and the Defendant was served with the Summons, Complaint and related

papers on January 6, 2026 through the New York Secretary of State. Proof of service was filed on January 29, 2026. ECF Nos. 5-6. Defendant's Answer was due by January 27, 2026, but Defendant failed to answer or otherwise respond. ECF No. 6.

On February 13, 2026, Plaintiff moved for a Certificate of Default, which the Clerk entered on February 18, 2026. ECF Nos. 7-9. Defendant's counsel, Sheppard Mullin, which is the same firm that received Plaintiff's December 11, 2025 pre-litigation notice, appeared and filed the Letter on March 9, 2026. ECF Nos. 11-12.

**Defendant Has Not Demonstrated Good Cause to Vacate the Default**

To vacate an entry of default under Rule 55(c), a defendant must show good cause, which courts evaluate based on (1) willfulness of the default, (2) the existence of a meritorious defense, and (3) prejudice to the non-defaulting party. Defendant has not satisfied that standard.

**A. Defendant's Failure to Respond Is Not Adequately Explained**

Defendant asserts that service through the Secretary of State "did not result in actual notice" of the lawsuit. But Defendant was properly served through the New York Secretary of State, the statutory agent designated by New York law for service on domestic corporations. A corporation cannot avoid default by failing to monitor the address it has designated for service of process. See *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 255 (2d Cir. 1995); *Brinks Global Servs. USA, Inc. v. Bonita Pearl Inc.*, 686 F. Supp. 3d 357, 363 (S.D.N.Y. 2023). Courts in this Circuit routinely reject claims of lack of notice where service was properly effected through the Secretary of State.

Defendant's explanation is also internally inconsistent. The Letter states that service through the Secretary of State did not result in notice, yet Defendant claims it later received notice of the entry of default. Defendant offers no explanation for why notice of the default was received but notice of the Summons and Complaint was not.

Finally, Defendant's assertion that it had "no reason to anticipate" litigation is incorrect. As noted above, Plaintiff expressly warned Defendant that litigation would be filed if payment was not made. Defendant's claim of surprise is therefore difficult to reconcile with the undisputed fact that it had advance notice that litigation in this Court was imminent.

ArentFox Schiff



**B. Defendant Has Not Presented a Meritorious Defense**

Defendant's proposed defenses are also insufficient. To establish a meritorious defense under Rule 55(c), a defendant must present specific facts that, if proven at trial, would constitute a complete defense. Conclusory assertions are insufficient.

Defendant's Letter offers only conclusory allegations. It asserts that Plaintiff "unilaterally modified the Specifications and sameness criteria" without identifying any specific modification or explaining why the Agreement did not permit such changes. As alleged in the Complaint, the Agreement expressly contemplates such modifications and requires Defendant to cooperate in implementing them. ECF No. 1, ¶ 24; *see e.g.*, ECF No. 1, Exhibit A, ¶ 4.1.

Defendant also suggests that Plaintiff may not be the real party in interest because the Agreement was assigned through a chain of transfers. Yet Defendant never challenged the assignment provision of the parties' Agreement, ECF No. 1, Exhibit A, ¶ 15.4, or the assignment itself when Defendant was notified that Endo Operations Limited had assigned its rights under the Agreement to Plaintiff, including in the December 11, 2025 letter. Defendant's unsupported speculation regarding assignment does not constitute a meritorious defense.

**C. Vacatur Would Prejudice Plaintiff**

Vacating the default would also prejudice Plaintiff by requiring it to incur additional fees and costs litigating defenses that lack merit. Defendant had notice of the dispute and ample opportunity to respond before default was entered but failed to do so.

**Conclusion**

Defendant has not demonstrated good cause to vacate the Certificate of Default. Plaintiff therefore respectfully requests that the Court deny Defendant's request for a pre-motion conference and permit Plaintiff to proceed with a motion for default judgment.

Respectfully Submitted,

*/s/ Eric Roman*
Eric Roman

CC: Paul W. Garrity
pgarrity@sheppard.com